**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURDEEP SINGH,

                Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

No. 12-73447

Agency No. A089-679-782

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015[**]
Seattle, Washington

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

Substantial evidence supports the BIA's adverse credibility finding. The

Board of Immigration Appeals (BIA) identified three reasons for its adverse

credibility finding: (1) Singh presented inconsistent information surrounding his

political membership; (2) Singh presented inconsistent information about how

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

many times he was arrested and when he joined the Simaranjit Singh Mann Shiromani Akali Dal (SAD) party; and (3) Singh failed to present corroborating evidence.

1.     Singh's statements were inconsistent between (a) his first asylum application and asylum interview and (b) his second asylum application and testimony before the immigration judge (IJ) regarding his membership (or lack thereof) with Babbar Khalsa International (BKI), a designated terrorist organization. Singh was confronted with this inconsistency. The IJ reasonably rejected Singh's explanation that he was nervous, noting that the interviews occurred a considerable time after Singh entered the United States, he brought his own interpreter with him, and the asylum officer testified that he did not appear nervous. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The record does not compel a different conclusion.

2.     Singh's statements were inconsistent about when he became a member of the SAD party and how many times he was arrested. These inconsistencies go to the heart of the matter. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). When confronted, Singh again suggested that he was nervous

2

or could not remember what he told the asylum officer. The BIA rejected these explanations, noting that they were not sufficient explanations for the differences in testimony. The record does not compel a different conclusion.

3. Singh did not corroborate his claims. Singh challenges this determination, claiming a credible applicant need not provide corroboration, based on pre-REAL ID Act precedent. However, under the REAL ID Act, an otherwise credible applicant may still be required to provide corroborative evidence. *See Ren v. Holder*, 648 F.3d 1079, 1090-91 (9th Cir. 2011). In his opening brief, Singh did not argue that he was not given an opportunity to provide corroborative evidence, thus waiving this argument. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

Accordingly, because the adverse credibility finding is supported by substantial evidence, the BIA's determination that Singh failed to establish past persecution and a well-founded fear of persecution is also supported by substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The BIA also did not err in concluding that Singh's CAT claim failed. Singh points to no other evidence to show it is more likely than not he would be tortured if he returned to India. *Id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**